UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                 Case No. 8:18-bk-09090-MGW
                                                                       Chapter 7
Matthew Francis Bartolomeo
and Olga Bartolomeo,

        Debtor(s).
_____/

**TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE AGENT AND BROKER**

      Christine L. Herendeen, Chapter 7 Trustee in the above-captioned case, seeks the authority of this court to employ a real estate agent and broker under 11 U.S.C. § 327(a) and states as follows:

      1.     The Trustee seeks to employ a real estate agent, Al Carapella (the "**Real Estate Agent**"), and a broker, Hunt Realty Group (the "**Broker**"), to assist in the liquidation and sale of the surrendered real property in the instant case. The real estate agent and the broker have familiarity with the property and the particular Tampa area in which it is located.

      2.     In the event of a sale, the Trustee would seek approval to pay a 6% commission. A copy of the Listing Agreement is attached hereto as Exhibit "A." The real estate agent and broker will not be paid without an application to and an order from this Court, subject to approval of the court pursuant to Section 330 of the Bankruptcy Code.

      3.     The Trustee believes it is necessary to employ a real estate agent and a broker for these services to obtain the highest and best price, and neither the real estate agent, nor the broker, represent an interest adverse to the Trustee of this estate on the matters upon which they will be engaged.

      5.     To the best of the Trustee's knowledge, the real estate agent and broker have no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, or the United States Trustee, except as is disclosed in the declaration attached to and made part of this Application. Therefore, the realtor and broker are disinterested within the

meaning of 11 U.S.C. § 101(14).

**WHEREFORE**, the Trustee requests this Court authorize the employment of Al Carapella and Hunt Realty Group in the capacity set forth above.

Date:  March 29, 2019

        Respectfully submitted,

        /s/ Christine L. Herendeen
        Christine L. Herendeen, Trustee
        P.O. Box 152348
        Tampa, FL 33684
        (813) 438-3833

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Application to Employ Real Estate Broker was provided by electronic delivery or U.S. mail on March 29, 2019 to:

U. S. Trustee, 501 E. Polk Street Suite 1200, Tampa, FL 33602

Samantha L Dammer, Tampa Law Advocates, P.A., 620 East Twiggs, Suite 110, Tampa, FL 33602

Matthew Bartolomeo and Olga Bartolomeo, 3854 Lake Saint George Dr, Palm Harbor, FL  34684

Al Carapella, Hunt Realty Group, 2713 Buckhorn Oaks Dr., Valrico, FL 33594

        /s/ Christine L. Herendeen
        Christine L. Herendeen, Trustee

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Matthew Francis Bartolomeo
and Olga Bartolomeo,

        Debtor(s).
_____/

Case No. 8:18-bk-09090-MGW
Chapter 7

## DECLARATION IN SUPPORT OF EMPLOYMENT

1. I, Al Carapella, am a licensed real estate agent with Hunt Realty Group, engaged to assist the trustee in carrying out the trustee's duties under the Bankruptcy Code.

2. I do not hold or represent an interest adverse to the estate.

3. I am not a creditor, equity security holder, or insider of the Debtor.

4. I am not, and was not within the two years before the petition date, a director, officer, or employee of the Debtor.

5. I have no interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

6. I further state that neither I, nor Hunt Realty Group have any connection or otherwise have no interest adverse to the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

7. I have not and will not agree to share my compensation for such services with any person, with the exception of a qualified cooperating real estate broker, if one shall exist.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: March 28, 2019

By: _____
Al Carapella
Hunt Realty Group
2713 Buckhorn Oaks Dr.
Valrico, FL 33594

# Exclusive Right of Sale Listing Agreement

Realtors

1  This Exclusive Right of Sale Listing Agreement ("Agreement") is between
2* Matthew Francis Bartolomeo/ Christine Herendeen Bankruptcy Trustee BK-18-09090-MGW ("Seller")
3* and Hunt Realty Group/ Al Carapella ("Broker").

4  **1. Authority to Sell Property:** Seller gives Broker the EXCLUSIVE RIGHT TO SELL the real and personal
5  property (collectively "Property") described below, at the price and terms described below, beginning
6* March 21, 2019 and terminating at 11:59 p.m. on June 28, 2019 ("Termination Date"). Upon
7  full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8  automatically extend through the date of the actual closing of the sales contract. Seller and Broker acknowledge
9  that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10 color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11 law. Seller certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12 **2. Description of Property:**
13*    (a) Street Address: 12611 Lake Vista Blvd Gibsonton FL. 33534
14
15*    Legal Description: _____
16*    ☐ See Attachment
17*    (b) Personal Property, including appliances: _____
18*    ☐ See Attachment
19     (c) Occupancy:
20*    Property ☒ is ☐ is not currently occupied by a tenant. If occupied, the lease term expires Apr 30, 2019.

21 **3. Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to Seller:
22*    (a) Price: $260,000.00
23*    (b) Financing Terms: ☒ Cash ☒ Conventional ☐ VA ☐ FHA ☐ Other (specify) _____
24*    ☐ Seller Financing: Seller will hold a purchase money mortgage in the amount of $ _____
25*    with the following terms: _____
26*    ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $ _____ plus
27*    an assumption fee of $ _____. The mortgage is for a term of _____ years beginning in
28*    _____, at an interest rate of _____ % ☐ fixed ☐ variable (describe) _____
29*    Lender approval of assumption ☐ is required ☐ is not required ☐ unknown. **Notice to Seller:** (1) You may
30     remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31     lender to determine the extent of your liability. Seller will ensure that all mortgage payments and required
32     escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33     (2) Extensive regulations affect Seller financed transactions. It is beyond the scope of a real estate licensee's
34     authority to determine whether the terms of your Seller financing agreement comply with all applicable laws or
35     whether you must be registered and/or licensed as a loan originator before offering Seller financing. You are
36     advised to consult with a legal or mortgage professional to make this determination.
37*    (c) **Seller Expenses:** Seller will pay mortgage discount or other closing costs not to exceed 0% of the
38     purchase price and any other expenses Seller agrees to pay in connection with a transaction.

39 **4. Broker Obligations:** Broker agrees to make diligent and continued efforts to sell the Property until a sales
40    contract is pending on the Property.

41 **5. Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to Seller
42    because the Property will be exposed to a large number of potential buyers. As a MLS participant, Broker is
43    obligated to timely deliver this listing to the MLS. This listing will be promptly published in the MLS unless Seller
44    directs Broker otherwise in writing. Seller authorizes Broker to report to the MLS this listing information and price,
45    terms, and financing information on any resulting sale for use by authorized Board / Association members and
46    MLS participants and subscribers unless Seller directs Broker otherwise in writing.

Seller (____) (____) and Broker/Sales Associate (____) (____) acknowledge receipt of a copy of this page, which is Page 1 of 4.
ERS-17tn Rev 6/17
Serial#: 080267-200155-3211787                                                                   ©2017 Florida Realtors®

6. **Broker Authority: Seller** authorizes **Broker** to:
   (a) Advertise the Property as **Broker** deems advisable including advertising the Property on the Internet unless limited in (6)(a)(i) or (6)(a)(ii) below.
   **(Seller opt-out) (Check one if applicable)**
   (i) ☐ Display the Property on the Internet except the street address.
   (ii) ☐ **Seller** does not authorize **Broker** to display the Property on the Internet.
   **Seller** understands and acknowledges that if **Seller** selects option (ii), consumers who search for listings on the Internet will not see information about the Property in response to their search.
   _____/_____ Initials of Seller
   (b) Place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once **Seller** signs a sales contract) and use **Seller's** name in connection with marketing or advertising the Property.
   (c) Obtain information relating to the present mortgage(s) on the Property.
   (d) Provide objective comparative market analysis information to potential buyers.
   (e) **(Check if applicable)** ☒ Use a lock box system to show and access the Property. A lock box does not ensure the Property's security. **Seller** is advised to secure or remove valuables. **Seller** agrees that the lock box is for **Seller's** benefit and releases **Broker**, persons working through **Broker**, and **Broker's** local Realtor Board / Association from all liability and responsibility in connection with any damage or loss that occurs.
   ☒ Withhold verbal offers. ☐ Withhold all offers once **Seller** accepts a sales contract for the Property.
   (f) Act as a transaction broker.
   (g) **Virtual Office Websites:** Some real estate brokerages offer real estate brokerage services online. These websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or reviews and comments about a property may be displayed in conjunction with a property on some VOWs. Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments and reviews about this Property.
   ☐ **Seller** does not authorize an automated estimate of the market value of the listing (or a hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.
   ☐ **Seller** does not authorize third parties to write comments or reviews about the listing of the Property (or display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

7. **Seller Obligations:** In consideration of **Broker's** obligations, **Seller** agrees to:
   (a) Cooperate with **Broker** in carrying out the purpose of this Agreement, including referring immediately to **Broker** all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
   (b) Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during reasonable times.
   (c) Inform **Broker** before leasing, mortgaging, or otherwise encumbering the Property.
   (d) Indemnify **Broker** and hold **Broker** harmless from losses, damages, costs, and expenses of any nature, including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's** negligence, representations, misrepresentations, actions, or inactions; (2) the use of a lock box; (3) the existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This clause will survive **Broker's** performance and the transfer of title.
   (e) Perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
   (f) Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. **Seller** certifies and represents that **Seller** knows of no such material facts (local government building code violations, unobservable defects, etc.) other than the following: N/A
   _____
   **Seller** will immediately inform **Broker** of any material facts that arise after signing this Agreement.
   (g) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements, and other specialized advice.

8. **Compensation: Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing, and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):
   (a) \_\_\_\_\_6%\_\_\_\_ of the total purchase price plus $_____ OR $_____, no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's** fee being earned.
   (b) \_\_\_\_\_0\_\_\_\_ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, **Seller** will pay **Broker** the Paragraph 8(a) fee, less the amount **Broker** received under this subparagraph.

Seller (\_\_\_/\_\_\_) and Broker/Sales Associate (\_\_\_/\_\_\_) acknowledge receipt of a copy of this page, which is Page 2 of 4.
ERS-17b Rev 6/17
Serial#: 080267-200155-3211787
©2017 Florida Realtors®

105*    (c) ___0___ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or
106         agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a
107         contract granting an exclusive right to lease the Property.
108    (d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by
109         sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether
110         the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the
111         price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to
112*        cancel an executed sales contract. (3) If, within ___0___ days after Termination Date ("Protection Period"),
113         **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom
114         **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date.
115         However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another
116         broker.
117*   (e) **Retained Deposits:** As consideration for **Broker's** services, **Broker** is entitled to receive ___0___% (50% if
118         left blank) of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to
119         exceed the Paragraph 8(a) fee.

120  9. **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if
121     compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate
122     with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of
123*    ☐ ___2___% of the purchase price or $_____ to a single agent for the buyer; ☐ ___2___% of the
124*    purchase price or $_____ to a transaction broker for the buyer; and ☐ ___2___% of the purchase
125*    price or $_____ to a broker who has no brokerage relationship with the buyer.
126*    ☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)

127  10. **Brokerage Relationship: Broker** will act as a transaction broker. **Broker** will deal honestly and fairly; will account
128      for all funds; will use skill, care, and diligence in the transaction; will disclose all known facts that materially affect
129      the value of the residential property which are not readily observable to the buyer; will present all offers and
130      counteroffers in a timely manner unless directed otherwise in writing; and will have limited confidentiality with
131      **Seller** unless waived in writing.

132  11. **Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If
133      **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct
134*     expenses incurred in marketing the Property, and pay a cancellation fee of $___0.00___ plus
135      applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph
136      8(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property
137      during the time period from the date of conditional termination to Termination Date and Protection Period, if
138      applicable.

139  12. **Dispute Resolution:** This Agreement will be construed under Florida law. All controversies, claims, and other
140      matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be
141      settled by first attempting mediation under the rules of the American Mediation Association or other mediator
142      agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover
143      reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows:
144*     **Arbitration:** By initialing in the space provided, **Seller** (___) (___), Sales Associate (___), and **Broker** (___)
145      agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which
146      the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator
147      agreed upon by the parties. Each party to any arbitration (or litigation to enforce the arbitration provision of this
148      Agreement or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will
149      equally split the arbitrator's fees and administrative fees of arbitration.

150  13. **Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives,
151      administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This
152      Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations
153      will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and
154      will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals.
155      The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories
156      of potential or actual transferees.

Seller (_/s/_) (___) and Broker/Sales Associate (_/s/_) (___) acknowledge receipt of a copy of this page, which is Page 3 of 4.

ERS-17b Rev 6/17
Serial#: 080267-200155-3211787

©2017 Florida Realtors®

157* **14. Additional Terms:** _____
158 _____
159 _____
160 _____
161 _____
162 _____
163 _____
164 _____
165 _____
166 _____
167 _____
168 _____
169 _____

170* **Seller's Signature:** _[signed]_ as Ch. T Trustee  Date: 3/22/19
171* Office Home Telephone: 813-438-3833 Bnkr. Est. of Matthew & Olga Bartolomeo Work Telephone: Bnkr. Case No. Facsimile: _____
172* Address: 8:18-09090-MGW
173* Email Address: _____

174* **Seller's Signature:** _____ Date: _____
175* Home Telephone: _____ Work Telephone: _____ Facsimile: _____
176* Address: _____
177* Email Address: _____

178* **Authorized Sales Associate or Broker:** _[signed]_  Date: 3/21/19
179* Brokerage Firm Name: Hunt Realty Group/ Al Carapella  Telephone: 813-294-6545
180* Address: 708 Oakgrove Dr. unit 233 Brandon Fl. 33510

181* Copy returned to **Seller** on _____ by [x] email ☐ facsimile ☐ mail ☐ personal delivery.

Florida REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller (_[signed]_) (_____) and Broker/Sales Associate (_[signed]_) (_____) acknowledge receipt of a copy of this page, which is Page 4 of 4.

ERS-17tb   Rev 6/17
Serial#: 080267-200155-3211787                                              ©2017 Florida Realtors®