**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                           Case No. 8:18-bk-09090-MGW
                                                                                                        Chapter 7
MATTHEW FRANCIS BARTOLOMEO
a/k/a OLGA KALIUZHNA and
OLGA BARTOLOMEO,

        Debtors.
_____/

### TRUSTEE'S APPLICATION TO EMPLOY COUNSEL FOR SPECIAL PURPOSE

    **COMES NOW** Christine Herendeen ("the Applicant"), the duly appointed and acting Trustee in the above-styled bankruptcy case, and hereby requests the authority to employ counsel for special purpose for the limited purpose of representing the Applicant in maintaining adversary proceedings and related matters against certain entities for alleged consumer protection statutory and common law claims on a modified contingency fee basis and in support thereof states:

    1.    The Applicant has been appointed Trustee of the above-styled estate, and is duly qualified and acting.

    2.    The Applicant requires the assistance of counsel for special purpose to enable him to properly perform his functions as Trustee in maintaining adversary proceedings against certain entities for alleged consumer protection statutory and common law claims on a contingency fee basis.

    3.    These issues are of a legal nature and the Trustee requires counsel for special purpose to assist with the adversary proceedings.  These causes of action and any proceeds from them are property of the bankruptcy estate.

    4.    The Applicant desires to employ counsel for special purpose to assist him in performing these legal duties necessitated by the administration of the estate.  The services of the proposed attorney, acting as counsel for special purpose, will not duplicate those of the Trustee, but are necessary in order for the Trustee to carry out his functions and duties.  The Applicant

desires to employ THOMAS A. LASH, ESQ., AND THE LAW FIRM OF LASH WILCOX & GRACE PL (the "Attorneys") as counsel for the Trustee. The Attorneys have no interest adverse to the estate.

5. The Applicant believes that the retention of the Attorneys is in the best interest of the estate.

6. Pursuant to the Applicant's agreement with the Attorneys as counsel for special purpose for the estate, their compensation, subject to this court's review, approval, and an order awarding attorneys' fees, will be on the basis of a modified contingency fee plus costs as follows:

 a. The Attorneys shall recover no attorneys' fees or costs unless Applicant is a prevailing party in the adversary proceedings or the adversary proceedings and related matters result in a settlement that includes a payment to, or other tangible economic benefit for the bankruptcy estate;

 b. The consumer protection statutes under which the Attorneys propose to bring the adversary proceedings provide for: (i) the payment of Applicant's attorneys' fees and costs by the defendant(s) if Applicant is a prevailing party; (ii) statutory damages; (iii) actual damages; and (iv) punitive damages;

 c. For purposes of 6.b. above, the present hourly rate of partner Thomas A. Lash is $435.00 per hour, Kenneth C. Grace is $375.00 per hour, and of counsel are presently billed at hourly rates from $235.00 to $400.00 per hour. Associates are presently billed at hourly rates from $200.00 to $275.00 per hour and paralegals at the rate of $125.00 per hour;

 d. Applicant has agreed to pay the Attorneys': (i) fees and cost awarded as a prevailing party in the adversary proceeding or agreed to as part of a settlement under paragraph 6,b,(i) above; and, (ii) thirty percent (30%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate;

 e. Applicant and the estate shall retain: (i) all Applicant's and entities statutory damages awarded or agreed under paragraph 6,b,(ii) above; and (ii) seventy percent (70%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate.

7. The Trustee is relying upon the Debtor(s) Schedule C claims of exemption in reaching

this conclusion and incurring administrative expenses of counsel.

**WHEREFORE**, the Applicant requests the entry of an order authorizing him to employ and retain the Attorneys as counsel for special purpose for the estate on the terms and conditions specified hereinabove with no fees or cost paid to such counsel for special purpose without further Order of this Court.

Dated: This 12th day of April 2018              Respectfully submitted,

/s/ Christine L. Herendeen____
Christine L. Herendeen
PO Box 152348
Tampa, FL 33684

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this pleadings has been sent by regular U.S. Mail or e-mail to the following: Asst. U.S. Trustee, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; Samantha L. Dammer, 620 East Twiggs, Ste 110, Tampa, FL 33602; Matthew and Olga Bartolomeo, 3854 Lake Saint George Dr., Palm Harbor, FL 34684 and Thomas A. Lash, Esq., and the Firm of Lash Wilcox & Grace PL, 4950 W. Kennedy Blvd., Suite 320, Tampa, FL 33609 this 12th day of April, 2018.

/s/ Christine L. Herendeen____
Christine L. Herendeen

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

MATTHEW FRANCIS BARTOLOMEO,
and OLGA BARTOLOMEO,

Case No. 8:18-bk-09090-MGW

Debtors.

Chapter 7

_____/

## DECLARATION OF PROPOSED COUNSEL FOR SPECIAL PURPOSE

I, Thomas A. Lash, Esq., declare under penalty of perjury pursuant to the provisions of 28 U.S.C., §1746 that the following statements are true and correct:

    1. I, Thomas A. Lash, am a shareholder in the firm of Lash Wilcox & Grace PL (collectively "LWG") which has its main office at 4950 W. Kennedy Blvd., Suite 320, Tampa, FL 33609; I have personal knowledge of and am competent to testify to matters herein.

    2. To the best of my knowledge, information and belief, no individual in LWG is related to Matthew Francis Bartolomeo, a/k/a Olga Kaliuzhna and Olga Bartolomeo ("Debtors"), their attorneys or accountants, the United States Trustee for Region 21 or any person employed by the office of the United States Trustee in this district, or any other parties in interest herein. To the best of my knowledge, information and belief, no person in LWG holds any interest adverse to any such party in respect to the matter for which they will be engaged.

    3. To the best of my knowledge, LWG does not hold any interest adverse to the Debtors, their attorneys or accountants; the United States Trustee for Region 21 or any person employed by the Office of the United States Trustee in this District or any other parties in interest herein nor does LWG represent any client which holds any such adverse interest.

    4. In preparing this declaration, I sent out an electronic mailing to all firm attorneys and personnel requesting (1) any information as to whether the firm is currently involved in any matter involving the Debtor and (2) any information as to any person in the firm or the firm which represents or has represented, holds any interest in or has a relationship (other than ordinary course debtor/creditor/customer relationship or investment holdings less than 5% of total outstanding stock) with any of the following or any employee of them: any bank, credit union, savings and loan, finance company, mortgage company, financial servicing company, savings bank, loan company, rental company, insurance company, accounting firm, law firm or debt collection entity. I did not receive any information confirming any such current involvement. The facts stated in this declaration as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by in the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in section 101(14)

Page 1 of 4

of the Bankruptcy Code are based upon the results of our review of the information from this electronic mail response with my firm's conflict check system listings and other communications.

5. My law firm's client and adverse party conflict check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons who regular duties include recording and maintaining this information. I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. My firm has never represented the Debtors.

7. My firm has received no retainer in this matter.

8. No attorney in my firm holds a direct or indirect equity interest in the Debtors [including stock, stock warrants, a partnership interest in a Debtors partnership] or has a right to acquire such an interest.

9. No attorney in my firm is or has served as an officer, director, or employee of any of the Debtors within two years before the petition filing.

10. No attorney in my firm is in control of any of the Debtors or is a relative of a general partner, director, officer or person in control of any of the Debtors.

11. No attorney in my firm is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

12. No attorney in my firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by any of the Debtors in connection with the offer, sale, or issuance of a security of any of the Debtors, within two years before the filing of the petition.

13. No attorney in my firm has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors within three years before the filing of the petition.

14. No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to any of the Debtors or the estate on any matter substantially related to the bankruptcy case.

15. No attorney in the firm represents an insider of the Debtors or any of the Debtors' parent, subsidiary, or other affiliate.

16. Upon information and belief, LWG has no connection with and holds no interest adverse to the Debtors or their estate.

17. No attorney in the firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

18. There is no agreement of any nature, other than the shareholder or of counsel agreement of my firm, as to the sharing of any compensation to be paid to the firm.

19. No attorney in the firm has any other connection with the Debtors or creditors except as noted herein.

20. No attorney in the firm has any other connection with the United States Trustee, or any employee of that office, or any other parties in interest.

21. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed retention, other than as may be disclosed in this declaration or the accompanying application.

22. Due to the size and diversity of its practice, LWG, or its employees, may have represented or otherwise dealt with, and may now be representing or otherwise dealing with, various persons and their attorneys and accountants, who are or may consider themselves to be creditors or parties in interest in this case. An attorney in this firm may have previously represented NCO, SST, TSI, West Asset Management, Phillips Cohen and Associates, EmCare, Marshland, FIA, RCS/LVNV, Mitch Bluhm and Associates, Capio, American Express Company, Mercantile Adjustment Bureau, Enhanced Recovery Corp., Gatestone f/k/a CollectCorp, Sallie Mae, United Student Aid Funds, Bank of America, Nationstar Mortgage, JP Morgan Chase, Citi Mortgage, Ditech, Wells Fargo, Select Portfolio Servicing, Specialized Loan Servicing, Ocwen Loan Servicing, EverBank, Seterus, Deutsche Bank, HSBC and U.S. Bank, which are entities that are or may be Parties in interest. However, such prior employment, representation or involvement does not relate to Debtor(s) or their estate.

23. LWG has agreed to provide assistance as counsel for special purpose to the Chapter 7 Trustee, Christine L. Herendeen (the "Trustee"), and I make this declaration in support of an Order authorizing such retention and employment.

24. The nature and extent of the counsel for special purpose services which LWG proposes to render to the Trustee are representation in possible adversary proceedings and related matters of limited scope against certain entities for consumer protection statutory and common law claims.

25. It is the intention of LWG to seek compensation from this Court as counsel for special purpose on the basis of a modified contingency fee, plus costs, for its services. It is also the intention of LWG to seek reimbursement of disbursements and expenses consistent with its regular practices with existing clients.

26. The modified contingency fee, plus costs, is structured as follows, subject to this Court's approval:

    a. The Attorneys shall recover no attorneys' fees or costs unless Applicant is a prevailing party in the adversary proceedings or the adversary proceedings result in a settlement that includes a payment to, or other tangible economic benefit for the bankruptcy estate;

    b. The consumer protection statutes under which the Attorneys propose to bring the adversary proceedings provide for: (i) the payment of Applicant's attorneys' fees and costs by the defendant(s) if Applicant is a prevailing party; (ii) statutory damages; and (iii) actual damages;

    c. For purposes of 6.b. above, the present hourly rate of partner Thomas A. Lash is $435.00 per hour, Kenneth C. Grace is $375.00 per hour, and of counsel are presently billed at hourly rates from $235.00 to $400.00 per hour. Associates are presently billed at hourly rates from $200.00 to $275.00 per hour and paralegals at the rate of $125.00 per hour;

    d. Applicant has agreed to pay the Attorneys': (i) fees and cost awarded as a prevailing party in the adversary proceeding or agreed to as part of a settlement under paragraph 6,b,(i) above; and, (ii) thirty percent (30%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate;

    e. Applicant and the estate shall retain: (i) all Applicant's and entities statutory damages awarded or agreed under paragraph 6,b,(ii) above; and (ii) seventy percent (70%) of Applicant's and entities awarded or agreed actual damages plus other tangible economic benefit to the bankruptcy estate.

  27. Applications for payment of professional fees and reimbursement of actual expenses will be submitted in accordance with the relevant provisions of the United States Bankruptcy Code and the Bankruptcy Rules, as well as any applicable rules and orders of this Court. Any such payment will be subject to this Court's prior review and approval.

Dated the ____9____ day of ____April____, 2019.

              Respectfully submitted,

              **LASH WILCOX & GRACE PL**
              4950 W. Kennedy Blvd., Ste. 320
              Tampa, Florida 33609
              Phone: (813) 289-3200
              Fax: (813) 289-3250

              **THOMAS A. LASH, ESQ.**
              Florida Bar No.849944
              e-mail: tlash@lashandwilcox.com