UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:  　　　　　　　　　　　　　　　　　　Case No. 8:18-bk-09090-MGW
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
Matthew Francis Bartolomeo
Olga Bartolomeo,

　　　　Debtor(s).
_____/

**CHAPTER 7 TRUSTEE'S EX PARTE MOTION FOR**
**AUTHORITY TO RETURN SECURITY DEPOSIT TO TENANTS**

　　　　Christine L. Herendeen, the Trustee in the above-captioned Chapter 7 case, by and through her undersigned counsel, hereby seeks authority to return security deposit to the tenants, Erica Minicucci and Brian Sheppard (the "**Tenants**"), at 12611 Lake Vista Dr., Gibsonton, FL 33534, and states as follows:

　　　　1.　　On October 24, 2018, the Debtor(s) filed a Chapter 7 Petition, and Christine L. Herendeen was appointed as Trustee.

　　　　2.　　On November 28, 2018 the Debtor(s) had a Residential Lease Agreement with the Tenants that required payment of a $3,000.00 security deposit, which the Debtor(s) received and held in a Money Market Savings Account ending 1246 at Navy Federal Credit Union ("NFCU")(the "**Security Deposi**t").

　　　　3.　　The Debtor(s) turned over the Security Deposit held in the account to the Estate.

　　　　4.　　The Tenants have paid the monthly rent of $1,950.00 pursuant to the Residential Lease Agreement, less the cost of certain documented repairs.

　　　　5.　　The Tenants are vacating the property on May 17, 2019, and therefore, they are requesting the return of the Security Deposit of $3,000.00, less anticipated pro-rated May rent of $1,069.00 and monies paid for pool repairs of $184.98, for which receipts have been provided,

for an estimated total of $2,115.98 to be returned (the "Net Security Deposit").

6. The Tenants Security Deposit is not property of the Estate except to the extent that it should be offset pursuant to the terms of the Residential Lease Agreement.

7. On or about May 17, 2019, the Real Estate Agent employed to sell the subject property on behalf of the Estate (Order Approving Employment of Real Estate Agent, Doc. No. 34) will walk through and inspect the property.

8. After the Trustee receives confirmation that the property is in good condition, the Trustee believes that it is appropriate to return the Security Deposit to the Tenants, less pro-rated May rent and monies paid for pool repairs. To the extent any other repairs become necessary, or the move out date changes, the Trustee requests authority to adjust the amount returned to the Tenants using the pro-rated rent rate of $63.00 per day and the actual amount of any documented repairs.

**WHEREFORE**, the Trustee requests the entry of an Order authorizing her to return the Security Deposit to the Tenants, less any applicable pro-rated rent and monies paid for documented repairs, and for any other relief which this Court deems just.

Respectfully submitted,

/s/ Christine L. Herendeen
Christine L. Herendeen
Florida Bar No. 0094315
Herendeen Law, LLC
P.O. Box 152348
Tampa, FL 33684
(813) 438-3833
clherendeen@herendeenlaw.com
Attorney for Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I CERTIFY that on May 10, 2019, a true and correct copy of the foregoing Motion for Authority to Return Security Deposit to Tenants has been provided electronically or by U. S. mail to:

U. S. Trustee, 501 E. Polk Street Suite 1200, Tampa, FL 33602

Matthew Bartolomeo and Olga Bartolomeo, 3854 Lake Saint George Dr, Palm Harbor, FL  34684

Samantha L Dammer, Tampa Law Advocates, P.A., 620 East Twiggs, Suite 110, Tampa, FL 33602

/s/ Christine L. Herendeen
Christine L. Herendeen